PER CURIAM.
This appeal is from an order concerning a father’s right to visit his child, which order was entered subsequent to a final decree divorcing the parties.
Prior to the entry of the final decree of divorce the parties stipulated, inter alia, that the father would have the right to have the seven year old daughter come to visit him on weekends. The final decree expressly adopted the provisions of the stipulation. For some unknown reason the final decree provided that the father would only be permitted to visit the child in the mother’s presence. Thus, there were conflicting provisions as to the visitation rights. Approximately a year and a half later the father, through his attorney, filed an instrument styled “Motion for Modification of Final Decree,” in which he called the court’s attention to this apparent mistake and requested that the decree be amended so as to provide the visitation rights which were set forth in the stipulation. There was a hearing at which, it is alleged, the chancellor refused to hear any evidence offered by the mother, and the court entered an order amending the final decree so as to-permit the father to have the child visit with him on weekends. The chancellor stated that this was omitted from the original decree because of inadvertence. On appeal from the chancellor’s ruling the mother takes the position that the chancellor erred in not permitting her to introduce any evidence at the hearing.
There is no record of anything which transpired at this hearing. It appears that the wife desired to introduce evidence to-the effect that the father was mentally ill and should not be permitted to be alone with the child. There is some evidence in the record to support these allegations; however, as we stated before, the record is-not complete. The record shows that the husband is in arrears and also that there was another child born of the marriage.
When there is a petition for modification there should be a hearing and evidence should be introduced. However, in the present case the petition for modification was in reality a request that a mistake-in the wording of the decree be corrected. There is no record of this proceeding except the order correcting the mistake. Because the facts of this case are unclear we cannot find that the chancellor erred.
A question has also been raised as to-appellant’s attorney’s fees in the lower court proceedings and on this appeal, but because of the incomplete record we cannot pass, on this aspect either.
*276 In view of the fact that the record does give rise to some questions of the husband’s mental stability, and because we are concerned with the welfare of this child, it is appropriate to mention that this affirmance •does not prejudice the mother’s right to file a petition for modification.
Affirmed.
SMITH, C. J., and ALLEN and SHANNON, JJ., concur.